UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARIZONA MINING ASSOCIATION, <br> NEW MEXICO MINING ASSOCIATION, <br> and PHELPS DODGE BAGDAD, INC. <br><br>     Plaintiffs, <br><br>     v. <br><br> STEPHEN L. JOHNSON, Administrator, <br> United States Environmental Protection Agency, <br> and UNITED STATES ENVIRONMENTAL <br> PROTECTION AGENCY, <br><br>     Defendants. | Civ. No. 1:07-cv-01054 (RBW) |

**DEFENDANTS' ANSWER**

Defendants Stephen L. Johnson, Administrator, and the United States Environmental Protection Agency (collectively "EPA"), answer the allegations in the Complaint filed on June 14, 2007, as follows:

1.  Paragraph 1 characterizes plaintiffs' claims and therefore requires no response.

2.  Paragraph 2 characterizes plaintiffs' claims and states conclusions of law to which no response is required.

3.  In response to the first sentence of paragraph 3, Defendants admit that Stephen L. Johnson is the Administrator of EPA, who is being sued in his official capacity, that Mr. Johnson has an office in the District of Columbia, and that EPA has offices in the District of Columbia. The remaining allegations in paragraph 3 constitute conclusions of law to which no response is required.

4.  EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4, and on that basis, the allegations are denied.

5. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 5, and on that basis, the allegations are denied. Paragraph 5 also contains legal conclusions to which no response is required.

6. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 6, and on that basis, the allegations are denied. Paragraph 6 also contains legal conclusions to which no response is required.

7. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 7, and on that basis, the allegations are denied. Paragraph 7 also contains legal conclusions to which no response is required.

8. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8, and on that basis, the allegations are denied. Paragraph 8 also contains legal conclusions to which no response is required.

9. EPA admits the allegations in paragraph 9.

10. EPA admits the allegations in the first sentence of paragraph 10. EPA avers that the allegations in the second sentence of paragraph 10 are vague in that EPA is unable to discern to which "regulatory actions" Plaintiffs intend to refer. Therefore, EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 10, and on that basis, the allegations are denied.

11. Paragraph 11 characterizes Section 313 of EPCRA, which speaks for itself and is the best evidence of its contents. To the extent paragraph 11 is inconsistent with EPCRA, the allegations are denied.

12. The first sentence of paragraph 12 characterizes Section 313 of EPCRA, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first

sentence of paragraph 11 are inconsistent with EPCRA, the allegations are denied. EPA admits the allegations in the second sentence of paragraph 12.

13. In response to paragraph 13, EPA admits that it promulgated a final rule implementing TRI requirements in 1988 ("1988 Rule"), which was published in the Federal Register, 53 Fed. Reg. 4500 (Feb. 16, 1988), and is codified at 40 C.F.R. part 372. The remainder of the allegations in paragraph 13 characterize the published Federal Register notice, which speaks for itself and is the best evidence of its contents, and thus no further response is required. To the extent the allegations are inconsistent with that Federal Register notice, the allegations are denied.

14. Paragraph 14 characterizes EPA's 1988 Rule, 53 Fed. 4500, which speaks for itself and is the best evidence of its contents, and thus requires no response. To the extent the allegations are inconsistent with the 1988 Rule published at 53 Fed. Reg. 4500, the allegations are denied.

15. In response to the first sentence of paragraph 15, EPA admits that metal mining facilities are not among the industry groups for which Congress, in Section 313(b)(1)(A), expressly required TRI reporting. In response to the second sentence of paragraph 15, EPA admits that, in 1997, it promulgated a rule ("1997 Rule") that subjects metal mining facilities to TRI requirements, 62 Fed. Reg. 23,834 (May 1, 1997). The remainder of paragraph 15 characterizes EPA's 1997 Rule, which speaks for itself and is the best evidence of its contents, and thus requires no further response. To the extent the remaining allegations in paragraph 15 are inconsistent with the 1997 Rule, the allegations are denied.

16. The first sentence of paragraph 15 characterizes two judicial opinions, <u>Barrick Goldstrike Mines, Inc. v. Whitman</u>, 260 F. Supp. 28 (D.D.C. 2003) ("<u>Barrick</u>"); <u>National Mining</u>

3

Ass'n v. Browner, 2001 U.S. Dist. LEXIS 915 (D. Colo. 2001) ("NMA"), which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the Barrick and NMA opinions, the allegations are denied. The remainder of paragraph 16 characterizes EPA's briefs in Barrick and NMA, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with EPA's briefs in Barrick and NMA, the allegations are denied.

17.     Paragraph 17 characterizes the court's opinion in NMA, 2001 U.S. Dist. LEXIS 915 (D. Colo. 2001), which speaks for itself and is the best evidence of its contents. To the extent the allegations in paragraph 17 are inconsistent with the NMA opinion, the allegations are denied.

## CLAIM I

18.     Defendants incorporate the responses contained in paragraphs 1 though 17 of this Answer.

19.     In response to the allegations in paragraph 19, EPA admits that EPA employees sent letters to representatives of the National Mining Association ("NMA"), dated June 14 and June 28, 2001. The remaining allegations in paragraph 19 characterize the June 14 and June 28, 2001 letters, which documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the letters, the allegations are denied.

20.     The first sentence of paragraph 20 constitutes a conclusion of law to which no response is required. In response to the second sentence of paragraph 20, EPA admits it posted the June 14 and June 28, 2001 letters to NMA on its website. The allegations in the third and fourth sentences of paragraph 20 are vague in that EPA is unable to determine to which "position" or to which "correspondence with Plaintiff PDBI" Plaintiffs intend to refer.

Therefore, EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third and fourth sentence of paragraph 20, and on that basis, the allegations are denied.

21.   The first sentence of paragraph 21 characterizes the opinion in <u>Barrick</u>, 260 F. Supp. 2d at 42, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the <u>Barrick</u> opinion, the allegations are denied. EPA denies the allegations in the second sentence of paragraph 21.

22.   EPA admits that EPA employees sent the June 14 and June 21, 2001 letters referenced in paragraph 19 of the Complaint without providing the public prior notice or opportunity to comment on the contents of the letters.

23.   The allegations in paragraph 23 constitute legal conclusions to which no response is required. To the extent a response is required, EPA denies the allegations.

## CLAIM II

24.   Defendants incorporate by reference the responses contained in paragraphs 1 through 23 of this Answer.

25.   The first sentence of paragraph 25 characterizes a June 14, 2001 letter sent to NMA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the June 14, 2001 letter, they are denied. In response to the second sentence of paragraph 25, EPA admits that it has not published any notice of proposed or final rulemaking related to the issue described in the June 14, 2001 letter. In response to the third sentence in paragraph 25, EPA admits that it published a regulatory agenda in the Federal Register, on December 11, 2006, 71 Fed. Reg. 73,848 (Dec. 11, 2006). The remaining allegations in the third sentence of paragraph 25 characterize EPA's published regulatory

agenda, which speaks for itself and is the best evidence of its contents, and thus no further response is required. To the extent the allegations are inconsistent with the published regulatory agenda, the allegations are denied.

26. The first sentence of paragraph 26 constitutes a legal conclusion to which no response is required. The remainder of paragraph 26 characterizes the opinions in <u>NMA</u>, 2001 U.S. Dist. Lexis, 915 at *20-21, and <u>Barrick</u>, 260 F. Supp. 2d at 42-43, which opinions speak for themselves and are the best evidence of their contents. To the extent the allegations in paragraph 26 are inconsistent with the opinions in <u>NMA</u> and <u>Barrick</u>, the allegations are denied.

27. Paragraph 27 constitutes conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

28. Paragraph 28 constitutes conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

### CLAIM III

29. Defendants incorporate by reference the responses contained in paragraphs 1 through 28 of this Answer.

30. EPA lacks EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30, and on that basis, the allegations are denied.

31. Paragraph 31 characterizes EPA regulations at 40 C.F.R. §§ 372.38(a) and 372.3, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the regulations, they are denied.

32. In response to the first sentence of paragraph 32, EPA admits that EPA employees prepared and sent a letter, dated August 4, 2001, to Plaintiff PDBI. The remainder of the first

sentence of paragraph 32 characterizes the August 4, 2001 letter, which speaks for itself and is the best evidence of its contents, and therefore requires no further response. The second sentence in paragraph 32 states a legal conclusion to which no response is required. To the extent the allegations of paragraph 32 require any further response, the allegations are denied.

33.   Paragraph 33 states legal conclusions to which no response is required. To the extent a response is required, EPA denies the allegations in paragraph 33.

34.   The allegations in the first sentence of paragraph 34 characterize the opinion in Barrick, 260 F. Supp. 2d at 36-38, which speaks for itself and is the best evidence of its contents. To the extent the allegations in the first sentence of paragraph 34 are inconsistent with the Barrick opinion, the allegations are denied. EPA lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of paragraph 34, and on that basis, the allegations are denied.

35.   Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, EPA denies the allegations in paragraph 35.

The remainder of the Complaint sets forth prayers for relief and requires no response.

## GENERAL DENIAL

To the extent that any allegations in the Complaint have not been admitted or specifically responded to, EPA denies those allegations.

## AFFIRMATIVE DEFENSES

EPA pleads the following affirmative defenses to the claims made in the Complaint:

7

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over the claims raised by the Complaint.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims for relief are barred by sovereign immunity.

WHEREFORE, EPA requests that the Court enter judgment in its favor and dismiss the Complaint with prejudice, awarding the United States the costs of suit and such other relief as the Court deems appropriate.

Dated: September 19, 2007

Respectfully submitted,

RONALD J. TENPAS
Acting Assistant Attorney General
Environment and Natural Resources Division

   *s/ Jessica O'Donnell*
JESSICA O'DONNELL  (D.C. Bar #473166)
Environmental Defense Section
U.S. Department of Justice
P.O. Box 23986
Washington, D.C. 20026-3986
Telephone: (202) 305-0851
E-mail: jessica.odonnell@usdoj.gov

OF COUNSEL:
Keith Matthews
Andrea Medici
Office of General Counsel
U.S. Environmental Protection Agency
Ariel Rios Building
1200 Pennsylvania Avenue, N.W.
Washington, D.C. 20460

Street address:
601 D Street, NW, Suite 8000
Washington, D.C. 20004

*Attorneys for Defendants*